UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SHAHZAD AHMAD,

    Plaintiff,

v.

CASE NO. _____

AMIR SALEEM, SAGHEER AHMAD, and QADEER AHMAD,

    Defendant(s).

## COMPLAINT

Plaintiff, complaining of the Defendants, alleges and says:

### PARTIES

1. Plaintiff Shahzad Ahmad is a resident of Connecticut, with a residence at 153 Cedar Ridge Rd, Newington, CT 06111-2012 and a business address at 301 7th St West, Tifton, Georgia 31794.

2. Defendant Amir Saleem is a resident of Georgia, residing at 2334 Threadneedle Ct, Albany, GA 31701.

3. Defendant Sagheer Ahmad is a resident of Georgia, residing at 220 Grandiflora Dr, McDonough, GA 30253.

4. Defendant Qadeer Ahmad is a resident of Georgia, residing at 220 Grandiflora Dr, McDonough, GA 30253.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1332, because this is a civil action between citizens of different states where the amount in controversy exceeds $75,000. Plaintiff is a citizen of Connecticut, while all Defendants are citizens of Georgia, and Plaintiff claims damages in excess of $102,000.

6. This Court has personal jurisdiction over Defendant Amir Saleem because he is a resident of Georgia.

7. This Court has personal jurisdiction over Defendant Sagheer Ahmad because he is a resident of Georgia.

8. This Court has personal jurisdiction over Defendant Qadeer Ahmad because he is a resident of Georgia.

9. This Court is the proper venue for this case pursuant to 28 USCS § 1391, as all Defendants reside in Georgia, at least one Defendant resides in the Middle District of Georgia, and a substantial part of the events giving rise to the claims occurred in the Middle District of Georgia.

## FACTUAL BACKROUND

10. On or about August 26, 2021, Plaintiff and Defendants entered into a valid and enforceable written agreement titled general agreement (the agreement) regarding the operation of Great USA LLC. (Exhibit A)

11. Under the express terms of the Agreement, Defendants assumed the obligation to manage the business operations, satisfy all tax liabilities, and clear all outstanding debts, specifically including Georgia Lottery liabilities.

12. Furthermore, the Agreement required Defendants to pay Plaintiff a monthly licensing fee of $1,000.00 USD once the business generated income.
13. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the Agreement.
14. Defendants Amir Saleem and Sagheer Ahmad are good friends who conspired and made a plan to deprive Plaintiff of his property, Great USA LLC.
15. As part of their conspiracy, Defendant Sagheer Ahmad told Plaintiff over the phone that a Sikh individual broke the wall of the store, and that this individual was a friend of both Defendants Amir Saleem and Sagheer Ahmad.
16. Defendant Amir Saleem subsequently discovered and found the store's inventory at the aforementioned individual's store, demonstrating that all parties were related to each other and acting in concert.
17. Plaintiff made multiple requests to Defendants Amir Saleem and Sagheer Ahmad to return the lottery tickets to the lottery representative.
18. Despite Plaintiff's repeated requests, Defendants created a false narrative and drama claiming that someone had stolen the lottery tickets, when in fact Defendants had control over and possession of said tickets.
19. Defendants have failed to remit the required $1,000.00 monthly payments to Plaintiff.
20. Defendants have mismanaged and/or misappropriated business and Georgia Lottery funds.
21. Defendants have failed to satisfy business liabilities and taxes as stipulated in the Agreement.
22. As a direct and proximate result of Defendants' actions, Plaintiff has been exposed to significant regulatory liability and financial harm.

23. Plaintiff has suffered actual damages, including but not limited to $30,000.00 in inventory loss, $11,000.00 in Georgia Lottery liabilities and losses, $10,000.00 in regulatory licensing expenses and legal fees, and unpaid monthly licensing fees.

24. Plaintiff filed an incident report for the financial theft. (Exhibit B)

25. Defendant Qadeer Ahmad had this conspiracy preplanned to defraud the Plaintiff, terminated the store lease, and threatened to give the store to Defendant Amir Saleem. (Exhibit C)

## CLAIMS FOR RELIEF

### Count I - Breach of Contract

### (against all defendants)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 as if fully set forth herein.

27. Plaintiff and Defendants entered into a valid and enforceable contract.

28. On or about August 26, 2021, Plaintiff and Defendants entered into the "General Agreement" regarding the operation of Great USA LLC.

29. Plaintiff performed all obligations required of him under the Agreement.

30. Plaintiff fulfilled all conditions, covenants, and promises required on his part to be performed in accordance with the Agreement.

31. Defendants materially breached the Agreement.

32. Defendants failed to remit the required $1,000.00 monthly payments to Plaintiff as required under the Agreement.

33. Defendants mismanaged and/or misappropriated business and Georgia Lottery funds

in violation of their obligations under the Agreement.

34. Defendants failed to satisfy business liabilities and taxes as stipulated in the Agreement.

35. Plaintiff suffered damages as a direct and proximate result of Defendants' breaches.

36. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered actual damages, including but not limited to $30,000.00 in inventory loss, $11,000.00 in Georgia Lottery liabilities and losses, $10,000.00 in regulatory licensing expenses and legal fees, and unpaid monthly licensing fees.

## Count II - Unjust Enrichment

### (against all defendants)

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

38. Plaintiff conferred benefits upon Defendants.

39. Plaintiff conferred benefits on Defendants by allowing them to operate Great USA LLC and retain business income.

40. Defendants had knowledge of and appreciated the benefits conferred.

41. Defendants were aware of these benefits and retained them while failing to fulfill their contractual obligations to pay Plaintiff and satisfy business liabilities.

42. Defendants accepted and retained the benefits under circumstances that make it inequitable for them to retain the benefits without paying for their value.

43. It would be inequitable for Defendants to retain these benefits without compensating Plaintiff, as they have failed to fulfill their contractual obligations while continuing to

operate the business and retain its income.

### Count III - Conversion

### (against all defendants)

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

45. Plaintiff had ownership or right to possession of property.

46. Plaintiff had ownership rights to business inventory and funds of Great USA LLC pursuant to the Agreement between the parties.

47. Defendants wrongfully assumed and exercised the right of ownership over Plaintiff's property.

48. Defendants mismanaged and/or misappropriated business and Georgia Lottery funds, effectively converting Plaintiff's property to their own use.

49. Defendants' actions resulted in $30,000.00 in inventory loss and $11,000.00 in Georgia Lottery liabilities, suggesting Defendants converted these assets.

50. Plaintiff demanded the return of the property.

51. Defendants refused to return the property.

### Count IV - Civil Conspiracy

### (against all defendants)

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53. Defendants Amir Saleem and Sagheer Ahmad agreed to commit unlawful acts against

Plaintiff.

54. Defendants Amir Saleem and Sagheer Ahmad conspired and made a plan to deprive Plaintiff of his property, Great USA LLC.

55. The conspiracy involved coordination with third parties, including the individual who allegedly broke the store wall and possessed the stolen inventory.

56. Defendants acted in furtherance of their conspiracy by misappropriating business funds, failing to return lottery tickets despite Plaintiff's requests, and creating false narratives about theft.

57. As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered damages including loss of business property, inventory, and lottery liabilities

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. Enter judgment in favor of Plaintiff and against Defendants, jointly and severally.

B. Award compensatory damages for breach of contract in an amount of $102,000.00, to be determined at trial.

C. Award damages for unjust enrichment in an amount to be determined at trial.

D. Award damages for conversion in an amount to be determined at trial.

E. Award contractual penalties, including treble damages, as provided for within the terms of the General Agreement.

F. Award Plaintiff pre-judgment and post-judgment interest.

G. Award Plaintiff the costs of this action and reasonable attorney fees.

H. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

Shahzad Ahmad

/s/ *Shahzad Ahmad*

153 Cedar Ridge Rd, Newington, CT 06111-2012